STATE of Indiana, Appellant–Respondent,

v.

Stephen P. LOVELESS, Appellee–Petitioner.

No. 79A02–9805–PC–400.

Court of Appeals of Indiana.

Feb. 3, 1999.

---

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellant.

Brian G. Dekker, O'Brien & Dekker, Lafayette, for Appellee.

## OPINION

ROBB, Judge.

Stephen Loveless entered a plea of guilty to operating a vehicle while intoxicated ("OWI") with a previous OWI conviction within five years, a Class D felony. The vehicle which Loveless was operating was a motorized bicycle.[1] Loveless subsequently filed a petition for post-conviction relief. The trial court granted Loveless's petition, find-

---

1. The definition of a "motorized bicycle" is as follows:
   "Motorized bicycle" means a two (2) or three (3) wheeled vehicle that is propelled by an internal combustion engine or a battery powered motor, and if powered by an internal combustion engine, has the following:
   (1) An engine capacity of not more than two (2) horsepower and a cylinder capacity not exceeding fifty (50) cubic centimeters.
   (2) An automatic transmission.
   (3) A maximum design speed of not more than twenty-five (25) miles per hour on a flat surface.
   Ind.Code § 9-13-2-109.
   Loveless acknowledges that the vehicle he was operating was a motorized bicycle. Brief of Ap-

ing that a "motorized bicycle" is not a "motor vehicle" for purposes of the OWI statute and therefore vacated Loveless's conviction. The State appeals. We reverse.

### Issue

The State presents the following restated issue for our review: whether the trial court erred by granting Loveless's petition for post-conviction relief and vacating his conviction.

### Facts and Procedural History

In January of 1993, Loveless drove his self-propelled, gasoline-powered motorized bicycle off a public road and into a ditch. Loveless was intoxicated at the time. He had three prior OWI convictions and had been adjudged an habitual traffic offender in 1991. The State charged him with one count of OWI, one count of OWI with a previous OWI conviction, and one count of being an habitual substance offender. Loveless entered a plea of guilty to the OWI and OWI with a previous conviction counts, in exchange for which the State dismissed the habitual count. The trial court entered a judgment of conviction of OWI with a previous conviction, a Class D felony, and sentenced him to three years suspended with eighteen months of probation to be served on home detention.

In November of 1993, the State filed a petition to revoke Loveless's probation, alleging that he had violated the conditions of his probation by moving without informing the probation department and by failing to maintain contact with his probation officer. A

pellee at 8. The State has used the terms "moped" and "motorized bicycle" interchangeably throughout its brief. The word "moped" is not defined by statute and therefore conveys no particular legal meaning by its use. However, "moped" is defined by Webster's Dictionary as a lightweight low-powered motorbike that can be pedaled. Webster's Ninth New Collegiate Dictionary 771 (1985). Both Loveless's testimony at his guilty plea hearing and the testimony of his expert at the post-conviction relief hearing regarding the capabilities and specifications of the vehicle he was operating indicate that the vehicle had no pedals and fit within the statutory definition of a "motorized bicycle." R. 66-67, 98-100.

warrant was issued, but was not served upon Loveless until March of 1997. Loveless was found to have violated his probation and was ordered to serve thirty days in jail. In October of 1997, Loveless filed a Petition for Post–Conviction Relief, which the trial court granted, finding that "for purposes of IC 9–30 a 'motorized bicycle' is not a 'motor vehicle'." R. 45.

### Discussion and Decision

An appeal from a post-conviction judgment may be taken by either the petitioner or the State. Ind. Post–Conviction Rule 1(7). The standard of review of a judgment granting post-conviction relief is governed by Indiana Trial Rule 52(A): the court on review "shall not set aside the findings or judgment unless clearly erroneous...." In determining whether a judgment is clearly erroneous, we do not reweigh the evidence or judge the credibility of the witnesses, but consider only the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *Spranger v. State*, 650 N.E.2d 1117, 1119 (Ind.1995). "We will reverse only upon a showing of 'clear error'— that which leaves us with a definite and firm conviction that a mistake has been made." *Id.* In this review, we defer substantially to findings of fact but not to conclusions of law. *State v. Moore*, 678 N.E.2d 1258, 1261 (Ind. 1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 1528, 140 L.Ed.2d 678 (1998).

Loveless was charged with violating Indiana Code section 9–30–5–2, which provides that "[a] person who operates a vehicle while intoxicated commits a Class A misdemeanor." He was also charged with violat-

ing Indiana Code section 9–30–5–3, which states:

A person who violates section 1 or 2 of this chapter commits a Class D felony if:

(1) the person has a previous conviction of operating while intoxicated; and

(2) the previous conviction of operating while intoxicated occurred within the five (5) years immediately preceding the occurrence of the violation of section 1 or 2 of this chapter.

Both the State and Loveless seem to agree that what was called a "moped" in the probable cause affidavit and throughout the proceedings qualifies as a "motorized bicycle" as defined by Indiana Code section 9–13–2–109.[2] They disagree, however, as to whether a "motorized bicycle" is a "vehicle" subject to the provisions of Indiana Code chapter 9–30–5. The State argues that a motorized bicycle is a motor vehicle[3] for purposes of the OWI statute because it has not been specifically excluded. The State therefore contends that it was clear error for the court to grant Loveless's petition for post-conviction relief and vacate his convictions.

At the time of Loveless's guilty plea, "motor vehicle" was defined as follows:

(a) "Motor vehicle" means, except as otherwise provided in this section, a vehicle that is self-propelled. The term does not include a "farm tractor" or "implement of husbandry".

(b) "Motor vehicle", *for purposes of IC 9–21*, means:

(1) a vehicle *except a motorized bicycle* that is self-propelled; or

2. As previously noted, the State refers to the vehicle as both a "moped" and a "motorized bicycle." However, the State argument relies on the statutory definition of "motorized bicycle."

3. Loveless touches briefly on the fact that the statutes defining OWI offenses refer only to operating a *vehicle*, not a *motor vehicle*. *See* Ind. Code §§ 9–30–5–2, –3. A "vehicle" is defined as "a device in, upon, or by which a person or property is, or may be, transported or drawn upon a highway[,]" and for the particular purposes of Indiana Code chapter 9–30–5, means "a device for transportation by land or air." Ind. Code § 9–13–2–196(a), (e). Because the OWI

statutes and case law seem to indicate that it is only a criminal offense to operate a *motor* vehicle while intoxicated, we, too, shall discuss the issue of whether a "motorized bicycle" is a "motor vehicle" for purposes of the OWI statute. There may be some confusion to the extent that prior cases have discussed whether a "motorized bicycle" is a "motor vehicle" for purposes of the driving while suspended statutes, which specifically refer to a "motor vehicle." However, regardless of whether the motorized bicycle Loveless was operating is deemed a vehicle or a motor vehicle, Loveless is not benefitted because the result is the same.

(2) a vehicle that is propelled by electric power obtained from overhead trolley wires, but not operated upon rails.

(c) "Motor vehicle", for purposes of IC 9–25, means a vehicle that is self-propelled upon a highway in Indiana. The term does not include a farm tractor.

Ind.Code § 9–13–2–105 (emphasis added). In 1997, the statute was amended to add the following provision: "(d) 'Motor vehicle', for purposes of IC 9–30–10, does not include a motorized bicycle."

■ A "motorized bicycle" is, by definition, self-propelled, and therefore falls within the broad definition of a "motor vehicle." However, a motorized bicycle has been specifically excluded from the definition of a motor vehicle as that term is used in Indiana Code article 9–21 dealing with traffic regulations, presumably because article 9–21 contains a separate chapter directed to bicycles and motorized bicycles. See Ind.Code § 9–21–11. Motorized bicycles are also now specifically excluded from the provisions of chapter 9–30–10, which deals with habitual traffic violators. See State v. Drubert, 686 N.E.2d 918, 921 (Ind.Ct.App.1997) (holding that because a license is not required to operate a motorized bicycle, the prohibitions against driving while suspended contained in chapter 9–30–10 do not apply. Drubert was arrested for driving a moped with a suspended license approximately one year before subsection (d) was added to Indiana Code section 9–13–2–105, and therefore, the decision did not rest simply on the language of subsection (d).). However, "motorized bicycle" is not specifically excluded from the definition of a "motor vehicle" for the purposes of chapter 9–30–5, which is the only chapter relevant to our inquiry. By the plain language of the definitional statutes, the term "motor vehicle" includes a motorized bicycle for purposes of the OWI statutes.

Loveless, however, posits that "operating a motor vehicle while intoxicated has a direct relation to and [is] constitutionally linked to the traffic regulations of the state," and therefore, if a motorized bicycle is excluded from the definition of motor vehicle as that term is used in the statutes governing traffic regulations, then it is possible for the same

limited definition to apply to the OWI statutes. Brief of Appellee at 8. We do not agree. The legislature has clearly delineated those instances in which the broad term "motor vehicle" does not include a motorized bicycle, and chapter 9–30–5 is not one of those instances. If the legislature had intended for the term "motor vehicle" to be limited in scope as used in chapter 9–30–5, it could have so stated.

The post-conviction court's finding that a "motorized bicycle" is not a "motor vehicle" for purposes of Indiana Code article 9–30 was clearly erroneous for the reasons stated herein. Loveless admitted at his guilty plea hearing that he had operated a motor vehicle and that he was intoxicated. There was an adequate factual basis for Loveless's plea, and the post-conviction court erred in granting Loveless's petition and vacating his conviction. The grant of post-conviction relief to Loveless is reversed and his guilty plea reinstated.

Reversed.

BAKER, J., concurring.

GARRARD, J., concurring in result with opinion.

GARRARD, Judge, concurring in result.

In my view our legislature was both informed and deliberate when it chose "vehicle" as the operative term in Indiana Code Section 9–30–5–1 [operating with at least .10% alcohol or with a controlled substance in the person's blood] and Indiana Code Section 9–30–5–2 [operating while intoxicated]. Not only was the more restrictive operative term "motor vehicle" used in other vehicle offense statutes, it was the term chosen to define the offense under Indiana Code Section 9–30–5 where the operation results in serious bodily injury [Indiana Code Section 9–30–5–4] or death [Indiana Code Section 9–30–5–5].

Accordingly, whether a moped is a motorized bicycle but not a motor vehicle is not the question. It was, and is, clearly a vehicle.

As such the court erred in granting post-conviction relief.

I therefore concur in the result reached.