**STATE of Indiana, Appellant–Plaintiff,**

v.

**Richard J. LAKER, Jr., Appellee–Defendant.**

No. 24A04–0912–CR–736.

Court of Appeals of Indiana.

Dec. 29, 2010.

Transfer Denied March 17, 2011.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Richard J. Laker, Jr., Edinburgh, IN, Appellee Pro Se.

## OPINION

VAIDIK, Judge.

### Case Summary

The State charged Richard Laker with various counts of operating a motor vehicle while privileges are suspended and operating while intoxicated. The State's charges were premised on Laker's alleged operation of a farm tractor. The trial court dismissed all counts, finding that the operation of a farm tractor could not serve as the basis for any of the alleged offenses. We conclude that the operation of a farm tractor cannot sustain charges of operating while privileges are suspended, but it may sustain charges of operating while intoxicated. We affirm in part, reverse in part, and remand.

### Facts and Procedural History

According to allegations in the record, police spotted a white Lexus in a ditch off the side of the road in Franklin County. Officer Mark Fritz was dispatched to investigate. Officer Fritz found Laker at the scene hitching the Lexus to the back of a Massey Ferguson farm tractor. Laker told Officer Fritz that a friend had wrecked the Lexus and had asked him to tow it out. Officer Fritz discovered that Laker did not have a driver's license and that his driving privileges had been suspended. Officer Fritz also observed signs of intoxication, and a chemical breath test later indicated that Laker's blood alcohol concentration was .10. Laker was taken into custody. Officer Fritz checked Laker's driving record and noted a previous conviction for operating while intoxicated.

The State filed a four-count information against Laker. Count I alleged that Laker "on or about November 14, 2008, at said County of Franklin and State of Indiana, did then and there unlawfully, knowingly, or intentionally, operate a motor vehicle while his driving privileges were suspended" in violation of Indiana Code section 9–30–10–16. Appellant's App. p. 6. Count II alleged that Laker "unlawfully operate[d] a vehicle ... with an alcohol concentration equivalent to at least eight-hundredths (.08)" in violation of Indiana Code section 9–30–5–1(a). *Id.* at 7. Count III

alleged that he "operate[d] a vehicle while intoxicated" in violation of Indiana Code section 9–30–5–2(a), *id.* at 8, and Count IV alleged that Laker had a prior OWI conviction, *id.* at 9.

Officer Fritz completed an affidavit of probable cause which was filed along with the charging information. Officer Fritz's affidavit described the subject vehicle as a "Red Late 60's–Early 70's Massey Ferguson Tractor Model 1080." *Id.* at 10. In addition, Officer Fritz filled out two "information and summons" tickets which described the subject vehicle as a "Red" "71" "Massey Ferguson." *Id.* at 11.

Laker moved to dismiss the information. Laker asserted that the State's charges were predicated on his operation of the farm tractor and that the operation of the farm tractor could not sustain charges of either operating while driving privileges are suspended or operating while intoxicated.

The trial court agreed and dismissed all four counts. The State now appeals.

### Discussion and Decision

■ A charging instrument must set forth, among other things, the nature and elements of the offense charged in plain and concise language without unnecessary repetition. Ind.Code § 35–34–1–2(a). The indictment or information shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. *Id.* § 35–34–1–2(d). The purpose of the charging information is to provide a defendant with notice of the crime of which he is charged so that he is able to prepare a defense. *Ben–Yisrayl v. State,* 738 N.E.2d 253, 271 (Ind.2000), *reh'g denied.*

■ One manner in which an information may be defective is by failing to state the charged offense with sufficient certainty. Ind.Code § 35–34–1–4(a)(4). When a statute defines an offense in general terms, the information must specify the facts and circumstances which inform the accused of the particular offense coming under the general description with which he is charged. *Gebhard v. State,* 459 N.E.2d 58, 60 (Ind.Ct.App.1984); *see also Griffin v. State,* 439 N.E.2d 160, 162 (Ind. 1982). But as our Supreme Court has indicated, even where a charging instrument may lack appropriate factual detail, additional materials such as the probable cause affidavit supporting the charging instrument may be taken into account in assessing whether a defendant has been apprised of the charges against him. *See Patterson v. State,* 495 N.E.2d 714, 719 (Ind.1986); *see also* 5 Wayne R. LaFave et al., *Criminal Procedure* § 19.3(b) (3d ed.2007).

■ Here, the underlying allegations reveal two potential subject vehicles—a Lexus and a farm tractor. None of the State's charges specifies which of the vehicles Laker is alleged to have illegally driven. However, the attached probable cause affidavit and summons tickets clarify that the State's charges are based specifically on Laker's farm tractor. We therefore find no fatal uncertainty in the State's charging information.

■ Another type of charging defect occurs when the facts alleged do not constitute an offense. Ind.Code § 35–34–1–4(a)(5); *State v. Isaacs,* 794 N.E.2d 1120, 1123 (Ind.Ct.App.2003). The primary issue in this case is whether the facts alleged by the State constitute criminal offenses—*i.e.,* whether Laker's alleged operation of a farm tractor can sustain charges of either operating while privileges are suspended or operating while intoxicated.

Indiana Code section 9–30–10–16 prohibits operation of a "motor vehicle" while

driving privileges are suspended. Indiana Code section 9–13–2–105 provides that the term "motor vehicle" "does not include a farm tractor."

■ Indiana Code chapter 9–30–5 prohibits operation of a "vehicle" while intoxicated. A "vehicle" is "a device for transportation by land or air," Ind.Code § 9–13–2–196(f), and "in, upon, or by which a person or property is, or may be, transported or drawn upon a highway," *id.* § 9–13–2–196(a). Farm tractors are not excepted from the definition of "vehicle" for purposes of OWI. *See id.* § 9–13–2–196(f); *cf. id.* § 9–13–2–196(b)(7)(F). The only express exception is for electric personal assistive mobility devices. *Id.* § 9–13–2–196(f). Also noteworthy is that the OWI statutes do apply to the operation of all-terrain vehicles. *See State v. Manuwal,* 904 N.E.2d 657, 657 (Ind.2009).

As a farm tractor is not a "motor vehicle" for purposes of driving while privileges are suspended, we conclude that the operation of a farm tractor cannot sustain a charge for that offense. The State's allegations were based specifically on Laker's tractor, so the State thus failed to allege facts constituting the offense of driving while privileges are suspended, and trial court properly dismissed Count I. But since a farm tractor is not excluded from the definition of "vehicle" for purposes of operating while intoxicated, we conclude that the operation of a farm tractor may sustain charges for OWI. The State's remaining OWI counts are therefore viable, and the trial court erred by dismissing them. *See State v. Loveless,* 705 N.E.2d 223, 226 (Ind.Ct.App.1999) (operation of motorized bicycle was sufficient to support OWI conviction, as motorized bicycle was not excluded from definition of vehicle for purposes of OWI).

For the reasons stated, we affirm the trial court's dismissal of Count I, reverse its dismissal of Counts II, III, and IV, and remand for further proceedings.

Affirmed in part, reversed in part, and remanded.

MAY, J., and ROBB, J., concur.