## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 24 2017, 9:23 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bruce W. Graham
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mark D. Speer, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 24, 2017 <br><br> Court of Appeals Case No. <br> 79A02-1606-CR-1342 <br><br> Appeal from the Tippecanoe <br> Superior Court <br><br> The Honorable Steven P. Meyer, <br> Judge <br><br> Trial Court Cause No. <br> 79D02-1410-FA-15 |

**Altice, Judge.**

**Case Summary**

[1] Following a jury trial, Mark D. Speer was convicted of attempted child molesting as a Class A felony and child molesting as a Class C felony. Speer was sentenced to an aggregate term of forty-two years imprisonment. Speer presents two issues for our review:

> 1. Is the charging information alleging attempted child molesting legally insufficient?
>
> 2. Is the evidence sufficient to sustain his conviction for attempted child molesting?

[2] We affirm.

### Facts & Procedural History

[3] On July 29, 2014, authorities obtained a warrant to search a residence in Lafayette, Indiana. At the time the warrant was served, Speer and his girlfriend, Rebecca Kaster, lived at that residence. During the search an officer obtained Speer's cell phone, which was then given to the Indiana State Police where another officer extracted data from the phone. Among the data were six videos that had been recorded on September 13, 2013.

[4] The first video was recorded in Speer's living room and shows a naked three-year-old girl eating an ice cream bar. Speer is heard saying: "Oh, she's beautiful"; "Look at that pretty little butt"; and "Oh my God, I've already got her naked." *State's Exhibit* 26, VIDEO0041:20-30. At points in the first video, the camera focuses on the girl's vagina and buttocks. In the third video, which was recorded in an upstairs bedroom, Speer is heard telling the naked girl that

she is pretty before he places a blindfold over the girl's face.  The girl immediately protests and tells Speer to take it off, which he does.  In the fourth video, Speer's phone is propped up and the camera is focused on the girl, who is naked and playing a guitar.  Speer asks the girl if she wants to play the guitar upside down and he then grabs her around the waist and turns her upside down such that his face is near her vagina.  Despite the girl's protests, Speer keeps turning her upside down as he did in the first instance until she screams to be put down.

[5]     Finally, in the sixth video, the girl remains naked and is jumping up and down on the bed in Speer's bedroom.  Speer lays his phone down such that the girl is still within view of the camera.  He then leans over the child while she is laying on her back on the bed completely naked.  In a seemingly playful manner, Speer covers the girl's face with a pillow.  Speer then leans over the exposed lower half of the girl's body, but a pillow blocks Speer's face from the camera.  Seconds later, the girl's muffled screams telling Speer to stop can be heard.  Speer does not move his head or say anything for approximately six seconds.  As Speer lifts his head, a sucking sound can be heard.  The child again tells Speer to get off of her belly and he responds, saying "that isn't your belly."[1]

---

[1] While the words are not completely clear from the audio, we find this to be a substantively accurate transcription of what Speer said.  The State, during its opening statement, told the jury that Speer said, "That isn't your belly!" *Transcript Vol. 1* at 13.  In closing, the State argued that he said, "That's not your belly!" *Transcript Vol. 2* at 143.  Speer did not object to either characterization at trial, and he quotes the first of these in his brief.

*State's Exhibit* 26, VIDEO0046:45. He then asks her if it "tickle[d]" and acts surprised when she says it did not. *Id.* at VIDEO0046:59-1.01.

[6] It took weeks for the police to determine the identity of the girl in the video. Eventually, Kaster, who initially denied that she knew the girl's identity, told the police that the girl was a co-worker's daughter that she had babysat at Speer's home on September 13, the day the videos were created. Kaster explained that she left the girl in Speer's care for approximately twenty-five minutes while she took a second child down to a creek.

[7] On October 29, 2014, the State charged Speer with Count I, attempted child molesting as a Class A felony, Count II, child molesting as a Class C felony, and Count III, criminal confinement as a Class C felony. An initial hearing was held shortly after the charges were filed and an omnibus date for late August 2014 was assigned. The initial jury trial was scheduled for late October 2015, but was continued on at least two occasions. A two-day jury trial commenced on April 26, 2016, at the conclusion of which the jury found Speer guilty as charged. The trial court held a sentencing hearing on May 17, 2016, at which the court sentenced Speer to forty-two years on Count I and a concurrent term of seven years on Count II. The trial court determined that Count III merged with Count I, and thus did not enter judgment thereon. Speer now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

### 1. Charging Information

[8]     Speer argues that the charging information alleging attempted child molesting is defective because it fails to allege the statutory enhancement raising the offense to a Class A felony. Specifically, Speer argues that the State failed to allege an essential element of the elevated offense, i.e., that he attempted to engage in deviate sexual conduct.

[9]     The charging information for Count I, attempted child molesting as a Class A felony, provides in pertinent part as follows:

> On or about September 13, 2013, in Tippecanoe County, State of Indiana, Mark D. Speer, did knowingly or intentionally attempt to commit the crime of Child Molesting, by engaging in conduct which constituted a substantial step towards the commission of said offense, to wit: on September 13, 2013, Mark D. Speer and/or [child] removed the clothing being worn by [child]; Speer positioned [child]'s body in such a way that her exposed genitals and anus were near his face; Speer appears to hold [child] down on a bed while his head appears to be over the lower half of [child]'s body; with Mark D. Speer, a person at least twenty-one (21) years of age, to wit: forty-three (43) years of age; and with [child], a child under fourteen (14) years of age, to wit: three (3) years of age.
>
> All of which is contrary to the statute in such cases made and provided, to wit: Indiana Code 35-42-4-3(a)(1) [2014] and 35-41-5-1, and against the peace and dignity of the State of Indiana.

*Appellant's Appendix Vol. II* at 18.

[10]    An information "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Ind. Code § 35-34-1-2(d). The

purpose of a charging information is "'to provide a defendant with notice of the crime of which he is charged so that he is able to prepare a defense.'" *Gilliland v. State*, 979 N.E.2d 1049, 1060 (Ind. Ct. App. 2012) (quoting *State v. Laker*, 939 N.E.2d 1111, 1113 (Ind. Ct. App. 2010), *trans. denied*). The State is not required to include detailed factual allegations; rather, a charging information satisfies due process if the information "enables an accused, the court, and the jury to determine the crime for which conviction is sought." *Id.* at 1061 (quoting *Dickenson v. State*, 835 N.E.2d 542, 550 (Ind. Ct. App. 2005)).

[11] Because Speer did not file a motion to dismiss the charging information on sufficiency grounds,[2] the State argues that Speer has waived his claim. *See Wilhoite v. State*, 7 N.E.3d 350, 352 (Ind. Ct. App. 2014). To avoid waiver, Speer argues that the charging information was so lacking that it constitutes fundamental error. Fundamental error is error so prejudicial to the rights of a defendant that a fair trial is rendered impossible. *Thomas v. State*, 61 N.E.3d 1198, 1201 (Ind. Ct. App. 2016), *trans. denied*. To be considered fundamental error, an error must "constitute a blatant violation of basic principles, the harm, or potential for harm is substantial, and the resulting error must deny the defendant fundamental due process." *Spears v. State*, 811 N.E.2d 485, 488 (Ind. Ct. App. 2004).

---

[2] Over eighteen months elapsed between the filing of the charging information and the start of his jury trial.

[12] Here, the State included some detailed factual allegations that it would seek to prove to the trier of fact as being the substantial step toward commission of the crime. In doing so, the State provided Speer with sufficient information to apprise him of the charge he would have to defend. Additionally, the State cited to the specific statutory provision that defined of Class A felony child molesting.

[13] Even assuming that the charging information was erroneous, any claim of error does not rise to the level of fundamental error. Speer cannot establish that a fair trial was impossible based on the alleged defective information. In addition to providing the jury with a verbatim account of the charging information for attempted child molesting, the court also gave Final Instruction 2.01, which defined the crime of attempted child molesting as a Class A felony, including the requirement that the defendant "knowingly performed sexual intercourse or deviate sexual conduct." *Appellant's Appendix Vol. II* at 105. Another final instruction given to the jury defined the term deviate sexual conduct as used in Final Instruction 2.01. The jury was well aware of the crime for which the conviction was sought.

[14] Further, Speer makes no claim that he was misled by the charging information. He also makes no claim that his defense at trial was prejudiced by the charging information's alleged deficiency. In fact, Speer provided a vigorous defense to the charge at trial. Speer has not established fundamental error.

Speer's claim that there was a material variance between the charging information and the proof at trial likewise fails. This claim requires either a showing that the defendant was misled and prejudiced thereby or that there is a risk of future double jeopardy problems. *See Daniels v. State*, 957 N.E.2d 1025, 1030 (Ind. Ct. App. 2011). Speer has made no argument about being misled in his defense or future double jeopardy issues.

## Sufficiency

Speer argues that the evidence is insufficient to support his conviction for attempted child molesting as a Class A felony.[3] Specifically, he contends that the jury was asked to engage in pure speculation in determining whether he took a substantial step toward engaging in deviate sexual conduct.

In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601, 609 (Ind. Ct. App. 2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences flowing therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, the judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008). It is not necessary that the evidence overcome every reasonable hypothesis of

---

[3] Speer does not challenge his conviction for child molesting as a Class C felony.

innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the conviction. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007). To sustain Speer's conviction for attempted child molesting as a Class A felony, the State was required to prove, in part, that Speer knowingly or intentionally took a substantial step toward engaging in deviate sexual conduct with the child. I.C. § 35-42-4-3(a)(1) (2014) (child molesting);[4] Ind. Code § 35-41-5-1 (attempt). Deviate sexual conduct is an act involving "a sex organ of one (1) person and the mouth or anus of another person[] or (2) the penetration of the sex organ or anus of a person by an object."[5] Ind. Code § 35-31.5-2-94 (2014).

[18] Here, the conduct at issue is depicted in the sixth video that was extracted from Speer's phone. In that video Speer is recording the naked three-year-old girl jumping around on a bed. After the girl falls to the bed and is lying exposed in a horizontal position behind a pillow, Speer covers her face with another pillow and then leans over the lower-half of the girl's body, his face obscured by a pillow. Speer's head does not move for approximately six seconds, all the while muffled screams from the girl for Speer to stop can be heard. As Speer stands upright, a sucking sound can be heard. The girl again tells Speer to get off of

---

[4] Child molesting is now a Level 1 felony if committed by a person at least 21 years old against a child less than 14 years old and the act is "sexual intercourse or other sexual conduct." I.C. § 35-42-4-3(a).

[5] Speer committed his crimes in September 2013—before the repeal of the deviate sexual conduct definition and replacement with the term "other sexual conduct." "Other sexual conduct" has an identical definition as deviate sexual conduct previously had. *See* Ind. Code § 35-31.5-2-221.5.

her belly and he responds, saying "that isn't your belly." *State's Exhibit* 26, VIDEO0046:45. He then asks the girl if it "tickle[d]" and acts surprised when she says it did not. *Id*. at VIDEO0046:59-1.01. In addition to this video, the State presented five other videos made during the same timeframe that were extracted from Speer's phone. In the videos Speer recorded the naked girl, focusing particularly on her buttocks and vaginal areas. Speer is heard making crude comments and expressing excitement over the girl in her state of undress.

[19] The State presented sufficient evidence from which the jury could have concluded that Speer knowingly took a substantial step toward engaging in deviate sexual conduct with the naked three-year-old child. Speer's conviction for attempted child molesting as a Class A felony is affirmed.

[20] Judgment affirmed.

Riley, J. and Crone, J., concur.