

FILED

Sep 29 2023, 9:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Linda L. Harris
Kentland, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Evan M. Comer
Deputy Attorney General

David P. Dekold
Erika N. Helding
Certified Legal Interns
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Israel Hernandez,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 29, 2023

Court of Appeals Case No.
23A-CR-219

Appeal from the
Pulaski Superior Court

The Honorable
Crystal A. Kocher, Judge

Trial Court Cause No.
66D01-2207-CM-164

**Opinion by Judge Foley**
Chief Judge Altice and Judge May concur.

**Foley, Judge.**

[1] Israel Hernandez ("Hernandez") moved to dismiss a charging information for invasion of privacy, claiming that the information is facially defective because the facts stated therein do not constitute a criminal offense. The trial court denied the motion, and Hernandez now brings this interlocutory appeal. Concluding that the charging information is not facially defective, we affirm.

## Facts and Procedural History

[2] On July 12, 2022, the State charged Hernandez with Class A misdemeanor invasion of privacy, alleging that Hernandez "did knowingly violate an order issued under I.C. 35-33-8-3.2 by the Jasper Circuit Court under cause number 37C01-2204-F3-000324" ("the 324 cause"). Appellant's App. Vol. II p. 17.

[3] The associated probable cause affidavit incorporates a police report prepared by Deputy Matthew Scott ("Deputy Scott") of the Pulaski County Sheriff's Office. *See id.* at 11. In the police report, Deputy Scott stated that he went to a residence on July 11, 2022, meeting with a person ("Father") who contacted Jasper County about the violation of a protective order issued in the 324 cause ("the Protective Order"). The protected person was Father's daughter ("the Protected Person"). Deputy Scott reported that, according to the INcite system, the Protective Order was served on Hernandez on April 12, 2022. He further reported that the Protective Order contained the following language:

> [Hernandez] is ordered to have no contact with [the Protected Person] in person, by telephone or letter, through an intermediary, or in any other way, directly or indirectly, except through an attorney of record, while released from custody pending trial. This includes, but is not limited to, acts of

> harassment, stalking, intimidation, threats, and physical force of
> any kind.

*Id.* at 14. According to the police report, Father told Deputy Scott that the Protected Person has multiple social media accounts, including an account on Instagram. Deputy Scott then spoke to the Protected Person, who related that the Protected Person and Hernandez "are not 'friends' on Instagram," such that, for Hernandez "to view [the Protected Person's] account, he has to search it every time he wants to view it." *Id.* She also said that, when she "creates a post," the Instagram platform "shows who is viewing the post." *Id.* The Protected Person reported that Hernandez had been viewing her Instagram posts, and she "was alarmed to find out . . . Hernandez has been watching her posts on a platform that informs the user of who's viewing the posts." *Id.*

[4] On October 19, 2022, Hernandez moved to dismiss the charging information. The trial court held a hearing on November 7, 2022, and eventually denied the motion on November 21. Hernandez then perfected this interlocutory appeal.

## Discussion and Decision

[5] According to Hernandez, the charging information should have been dismissed. Hernandez directs us to Indiana Code Section 35-34-1-4(a)(5), which provides for dismissal of the charging information, upon motion, where "[t]he facts stated do not constitute an offense." In general, "[w]e review a 'ruling on a motion to dismiss a charging information for an abuse of discretion, which occurs only if a trial court's decision is clearly against the logic and effect of the

facts and circumstances.'" *State v. Katz*, 179 N.E.3d 431, 440 (Ind. 2022) (quoting *Gutenstein v.* State, 59 N.E.3d 984, 994 (Ind. Ct. App. 2016), *trans. denied*.). To the extent the motion turns on a pure question of law, we review that question of law de novo. *See id.* Moreover, where, as here, the defendant's motion to dismiss alleges the charging information is factually deficient under Indiana Code Section 35-34-1-4(a)(5), the motion tests the facial adequacy of the charging information, ultimately presenting a pure question of law. *See id.*; *cf. Tanoos v. State*, 137 N.E.3d 1008, 1015 (Ind. Ct. App. 2009), *trans. denied*.

[6] As our Supreme Court recently explained: "The purpose of the charging information is to provide a defendant with notice of the crime of which he is charged so that he is able to prepare a defense." *Katz*, 179 N.E.3d at 441 (quoting *State v. Laker*, 939 N.E.2d 1111, 1113 (Ind. Ct. App. 2010), *trans. denied*). For the charging information to be sufficient, the information generally need "only contain a statement of the essential facts constituting the offense charged, as well as the statutory citation, the time and place of the commission of the offense, [and] the identity of the victim." *Id.* (alteration in original) (quoting *Pavlovich v. State*, 6 N.E.3d 969, 975 (Ind. Ct. App. 2014), *trans. denied*.). "A court may dismiss a charging information if the 'facts stated do not constitute an offense,' but this only occurs when the information is facially deficient in stating an alleged crime." *Id.* (quoting I.C. § 35-34-1-4(a)(5)).

[7] "In deciding whether a charging 'information fails to state facts constituting an offense, we take the facts alleged in the information as true.'" *Id.* (quoting *Pavlovich*, 6 N.E.3d at 974). We may also take as true the facts alleged in the

supporting probable cause affidavit. *Tanoos*, 137 N.E.3d at 1015; *see also* I.C. § 35-34-1-8 (setting forth procedures on a motion to dismiss the charging information, contemplating consideration of "documentary evidence"). To assess the facial adequacy of the charging information, we compare the factual allegations to the substance of the criminal statute cited in the information. *See, e.g.*, *Tanoos*, 137 N.E.3d at 1015. The charging information is facially deficient when the factual allegations do not map onto a criminal statute. *See, e.g.*, *State v. Isaacs*, 794 N.E.2d 1120, 1123 (Ind. Ct. App. 2003). For example, in *Isaacs*, we affirmed an order dismissing a criminal count where (a) the State alleged the defendant violated a statute that prohibited operating a vehicle with a schedule I or II controlled substance in the body, but (b) the substances alleged to be in the defendant's body were not schedule I or II controlled substances, and (c) it was not a crime to operate a vehicle with the alleged substances in the body. *Id.*

[8] Here, the State alleged that Hernandez committed invasion of privacy by violating Indiana Code Section 35-46-1-15.1(a)(11). Under this statute, a person who knowingly or intentionally violates "an order issued under IC 35-33-8-3.2" commits Class A misdemeanor invasion of privacy. Ind. Code § 35-46-1-15.1(a)(11). The statute referenced therein, Section 35-33-8-3.2, sets forth procedures for bail in criminal cases, allowing a court to impose conditions for pre-trial release. One permissible condition is that the defendant "refrain from any direct or indirect contact with an individual[.]" I.C. § 35-33-8-3.2(a)(4).

[9] The charging information in this case, together with the probable cause affidavit, states that Hernandez was subject to a protective order issued under

Section 35-33-8-3.2 that prohibited him from contacting the Protected Person "in person, by telephone or letter, through an intermediary, or in any other way, directly or indirectly, except through an attorney of record, while released from custody pending trial[.]" Appellant's App. Vol. II p. 14. The State alleged that Hernandez violated the protective order by viewing public content that the Protective Person posted "on a [social media] platform that informs the user of who's viewing the posts." *Id.* The State further alleged that, through the platform, the Protected Person became aware that Hernandez viewed her posts.

[10] Hernandez points out that he was prohibited from direct or indirect contact with the Protected Person. According to Hernandez, there is no way that viewing a public post on social media could constitute contact, so the State failed to allege facts constituting an offense. We disagree. The State does not allege that Hernandez simply viewed the Protected Person's social media posts. Rather, the State alleges that Hernandez knowingly or intentionally contacted the Protected Person by viewing her posts on the Instagram social media platform in such a manner that Hernandez caused a notice to be created that informed the Protected Person that he was viewing her posts. At trial, the fact-finder will be tasked with determining whether Hernandez knew about the technical workings of the platform or the way the Protected Person used the platform such that Hernandez acted with the requisite mens rea. *See Katz*, 179 N.E.3d at 441 (noting that "an evidentiary question for the jury" is "not properly raised by a motion to dismiss"). But as to the facial validity of the

charging information, we are not persuaded the State failed to allege adequate facts regarding contact.[1]

[11] Because the charging information sufficiently states a criminal offense, the trial court did not abuse its discretion in denying Hernandez's motion to dismiss.

[12] Affirmed.

Altice, C.J., and May, J., concur.

---

[1] Concluding as such, we do not address the parties' alternative arguments regarding whether the alleged conduct could amount to stalking or harassment, which were also acts prohibited by the protective order.