F.E.H., JR., Appellant–Respondent,

v.

STATE of Indiana, Appellee–Petitioner.

No. 49A02–9809–JV–726.

Court of Appeals of Indiana.

Sept. 17, 1999.

Janice E. Smith, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

1. I.e., a fact-finding hearing. *See State ex rel. W.A. v. Marion County Superior Court, Juvenile*

## OPINION

MATTINGLY, Judge.

F.E.H. was adjudged to be a delinquent after the trial court made a true finding that he committed the offense of battery, a Class B misdemeanor if committed by an adult. On appeal, F.E.H. raises issues that we consolidate and restate as follows:

1. .Whether the trial court erred in admitting particular witness testimony.
2. Whether sufficient evidence supports the trial court's true finding that F.E.H. committed the offense of battery.
3. Whether the trial court erred by failing to issue Trial Rule 52 findings of fact along with its true finding as to battery, where F.E.H. timely requested findings of fact pursuant to the Rule.
4. Whether the trial court erred in denying two of F.E.H.'s motions requesting that the record be prepared.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the State show that, on May 23, 1998, 16–year–old F.E.H., his sister Nicole, and Nicole's friend Amber were at the property of Kathie Rottler. Nine-year-old Wesley Hurless, accompanied by his 11–year–old friend Justin Shoegate, approached the Rottler property by bicycle and stopped. After Hurless called Nicole a name, F.E.H. approached Hurless and threw him off of his bicycle. F.E.H. then chased Hurless down the street and hit Hurless' leg three times with a belt.

On May 28, 1998, the State filed a petition which charged F.E.H. with Class A misdemeanor battery and which alleged that F.E.H. "did knowingly or intentionally, in a rude, insolent or angry manner touch Wesley Harless [sic], which resulted in bodily injury." R. at 16. F.E.H. denied the allegations of the State's petition. A denial hearing[1] was held on July 29, 1998. After the hear-

*Div.*, 704 N.E.2d 477, 478 (Ind.1998).

ing, the trial court entered a true finding as to Class B misdemeanor battery, a lesser-included offense of Class A misdemeanor battery. On September 2, 1998, the trial court, in an order containing findings of fact and conclusions of law, set forth its finding that F.E.H. committed the offense of battery, a Class B misdemeanor if committed by an adult. On October 22, 1998, the trial court entered a dispositional order that stated in part: "the Court now adjudicates [F.E.H.] a delinquent...." *Id.* at 72.

## DISCUSSION AND DECISION

### 1. *Admission of Testimony*

On July 9, 1998, F.E.H. filed a "Request for Discovery" through which he asked the county prosecuting attorney to disclose, "[i]n writing, the names and last known addresses and telephone numbers of all persons whom the State of Indiana intends to use in the prosecution of this cause...." *Id.* at 30. On the same date, F.E.H. filed a "Notice of Request for Discovery" through which he informed the trial court that his request for discovery had been made. It appears undisputed that the State failed to provide F.E.H. with a list of witnesses and thus did not respond to his discovery request.

At the denial hearing, Hurless, Vasity Bolton, and Officer Howard Grunden testified as State's witnesses. F.E.H. objected to the testimony of these witnesses on the basis of the State's failure to respond to his discovery request. The trial court admitted the testimony of these witnesses over F.E.H.'s objection. F.E.H. argues that the admission of this testimony was error, claiming that "[t]he State breached its obligation to respond to the Defense's request for a witness list, its b[r]each was purposeful and intentional and as a result [F.E.H.] was substantially prejudiced." Brief of Respondent–Appellant at 15.

 There seems to be no dispute that F.E.H. made a proper discovery request with which the State did not reasonably comply. We therefore disapprove of the State's failure to provide F.E.H. with a list of witnesses, inasmuch as our supreme court "takes a dim view of the State's use of witnesses not dis-

closed in response to a proper discovery request, and without seeking leave of court or providing a reasonable explanation for this failure." *Mers v. State*, 496 N.E.2d 75, 83 (Ind.1986). Nevertheless, we conclude that in the instant case the trial court was not required to exclude the testimony of the State's witnesses. Exclusion of evidence as a discovery abuse sanction is proper only where there is a showing that the State engaged in deliberate or other reprehensible conduct which prevents the defendant from receiving a fair trial. *Taylor v. State*, 676 N.E.2d 1044, 1046 (Ind.1997). Here, F.E.H. has not clearly shown that the State's failure to respond to his discovery request was the result of reprehensible conduct. Because such a showing is necessary to warrant exclusion of testimony, *see id.*, and because a trial court is granted wide discretion in determining whether to allow testimony from witnesses not listed on the pre-trial discovery witness list, *see McDonald v. State*, 511 N.E.2d 1066, 1069 (Ind.1987), we cannot say that the trial court abused its discretion by admitting the testimony of the State's witnesses. However, we urge both parties to strictly comply with discovery guidelines in the future.

### 2. *Sufficiency of the Evidence*

 F.E.H. claims that insufficient evidence supports the trial court's true finding that he committed the offense of battery. Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve credibility questions. *J.H. v. State*, 655 N.E.2d 624, 626 (Ind.Ct.App.1995). We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom. *See id.*

 Ind.Code § 35–42–2–1(a) provides that "[a] person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery...." The evidence most favorable to the State shows that F.E.H. threw Hurless off of his bicycle, chased Hurless down the street, and hit Hurless' leg three times with a belt. As such, the evidence sufficiently supports the finding that F.E.H. committed battery. F.E.H.'s argument to the contrary essential-

ly invites us to reweigh the evidence and judge witness credibility. We decline this invitation and, accordingly, reject F.E.H.'s insufficiency of the evidence claim.

### 3. *Issuance of Trial Rule 52 Findings of Fact*

On July 9, 1998, F.E.H. filed, pursuant to Trial Rule 52, a written request for findings of fact and conclusions of law. On July 29, 1998, the trial court entered a true finding as to battery, but failed to enter the requested findings of fact and conclusions of law. Then, on September 2, 1998, the trial court issued an order which not only set forth the finding that F.E.H. committed battery, but which also contained findings of fact and conclusions of law. F.E.H. apparently claims that the trial court erred by failing to issue Trial Rule 52 findings of fact along with the true finding it entered on July 29, 1998.

■ The purpose of making findings of fact and conclusions of law is to provide the parties and the reviewing courts with the theory upon which the case was decided. *Heiligenstein v. Matney,* 691 N.E.2d 1297, 1300 (Ind.Ct.App.1998). Here, even though the trial court's findings of fact and conclusions of law were not contemporaneous with its true finding, they were entered before this appeal and are included in the record. As a result, the parties and this court have been provided with the theory upon which the case was decided, and the purpose of making findings of fact and conclusions of law has been adequately served. We therefore cannot say that F.E.H. was prejudiced by any error resulting from the trial court's failure to issue findings of fact along with the true finding of July 29, 1998. Consequently, even if F.E.H. could demonstrate trial court error, the absence of resulting prejudice precludes him from receiving relief, inasmuch as "Indiana adheres to the rule requiring a showing of prejudice before reversal may be granted." *Neese v. Kelley,* 705 N.E.2d 1047, 1050 (Ind.Ct.App.1999). F.E.H.'s claim fails.

### 4. *Denial of Praecipe for Record*

Ind. Appellate Rule 2(A) provides: "An appeal is initiated by filing with the clerk of the trial court a praecipe designating what is to be included in the record of the proceedings. The praecipe shall be filed within thirty (30) days after the entry of a final judgment or an appealable final order...." A description of F.E.H.'s attempt to initiate an appeal in the instant case follows. On August 26, 1998, F.E.H. filed a motion which was captioned "Praecipe for Record" and which requested the preparation of "a complete record" in his case "for the purpose of perfecting an appeal[.]" R. at 56. The trial court denied this motion on August 27, 1998. Then, on September 11, 1998, F.E.H. filed a motion which was captioned "Motion to Reconsider Praecipe for Record" and which requested that the trial court "reconsider its denial of praecipe issued on August 27, 1998, and now grant [F.E.H.'s] motion and order the clerk to prepare the record as requested[.]" *Id.* at 65. The trial court denied this motion on October 6, 1998. Finally, on October 23, 1998, F.E.H. filed a motion captioned "Renewed Motion for Praecipe for Record," again requesting preparation of the record so that an appeal might be perfected. The trial court granted this motion on November 2, 1998.

F.E.H. seems to argue that the trial court erred in denying his motions of August 26 and September 11. In so arguing, F.E.H. apparently reasons as follows: a trial court's true finding in a juvenile delinquency proceeding is a "final judgment" that may be appealed; the trial court entered a final judgment on both July 29, 1998 and September 2, 1998 by issuing its true finding on either date; the final judgment issued on these dates was one F.E.H. was entitled to appeal; therefore, it was error to deny his motions, the grant of which would have permitted him to perfect the appeal to which he was entitled.

■ In our view, the central question raised by F.E.H.'s argument is whether the trial court's issuance of a true finding in this case was a final judgment. We hold that it was not. "A final appealable order or judgment is one which disposes of all of the issues as to all of the parties and puts an end to the particular case." *Montgomery, Zukerman, Davis, Inc. v. Chubb Group of Ins. Cos.,* 698 N.E.2d 1251, 1253 (Ind.Ct.App.1998), *trans.*

*denied.* Although the trial court issued its true finding on July 29, 1998 and September 2, 1998, on neither date had the trial court disposed of all issues in F.E.H.'s case. Rather, it was not until after the disposition hearing of October 22, 1998 that a resolution of all issues in F.E.H.'s case occurred. On that date, the trial court, through its dispositional order, explicitly adjudicated F.E.H. a delinquent, found that he was in need of care, treatment, rehabilitation or placement, and closed his case. R. at 72–73. We therefore conclude that, under the circumstances of this case, (1) no final judgment occurred on either July 29, 1998 or September 2, 1998 and (2) the trial court's disposition of October 22, 1998 was the final judgment from which F.E.H. was permitted to take an appeal. As a result, the trial court acted appropriately to the extent that it denied F.E.H.'s motions of August 26 and September 11. Accordingly, we find no error.

Affirmed.

SHARPNACK, C.J., and BAKER, J., concur.