729 N.E.2d 597 (2000)
D.R., Appellant-Respondent,
v.
STATE of Indiana, Appellee-Petitioner.
No. 49A02-9908-JV-536.
Court of Appeals of Indiana.
June 7, 2000.
*598 Steven J. Halbert, Indianapolis, Indiana, Attorney for Appellant.
Jeffrey A. Modisett, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

OPINION
VAIDIK, Judge
Appellant, D.R., challenges the sufficiency of the evidence supporting his adjudication of delinquency for an act which, had it been committed by an adult, would have constituted disorderly conduct.[1] Specifically, D.R. claims he did not disrupt a lawful assembly of persons when he muttered a curse word in the presence of one of his teachers. Because we agree there is insufficient evidence to support the trial court's finding that D.R. committed disorderly conduct, we reverse.

Facts and Procedural History
D.R. attended New Directions Academy, a school emphasizing behavior modification with a dress code requiring students to wear belts and with a zero-tolerance policy on cursing. On his first day, when one of the teachers told Rowe to put on a belt while standing in a common area, D.R. allegedly muttered "f___ you." Record at 41. In response, the teacher directed D.R. to the front desk. D.R. responded to this direction by making his hands into fists which remained at his sides. No other students or teachers overheard or witnessed this encounter. D.R. was arrested for disorderly conduct.
*599 During the hearing, a teacher at New Directions Academy testified that it is the policy of the Academy to consider any violation of school rules to be disorderly conduct. Record at 41. The teacher also testified that during the incident with D.R., he was the only person standing near D.R. and that no other students saw the incident. Record at 44, 45. D.R. testified that the teacher was two to three feet away from him while the nearest student was five feet away. At sentencing, D.R. received a suspended commitment to a juvenile facility.

Discussion and Decision
D.R. challenges the sufficiency of the evidence supporting the trial court's finding that he committed the offense of disorderly conduct by disrupting a lawful assembly. Our standard of review for sufficiency claims is well settled. We do not reweigh the evidence or judge the credibility of witnesses. F.E.H., Jr. v. State, 715 N.E.2d 1272, 1274 (Ind.Ct.App.1999). Rather, we look only to the evidence of probative value and the reasonable inferences to be drawn therefrom. Id.
IND.CODE § 35-45-1-3 provides in relevant part that "[a] person who recklessly, knowingly, or intentionally: disrupts a lawful assembly of persons commits disorderly conduct, a Class B misdemeanor." Here, D.R. contends that there is insufficient evidence that his behavior disturbed a "lawful assembly of persons" because he muttered his expletive in the presence of one teacher and not in the presence of a group of people.
Initially, we note that the phrase "a lawful assembly of persons" has not been defined by the legislature. Therefore, we must turn to our rules of statutory interpretation. See Blackmon v. Duckworth, 675 N.E.2d 349, 351 (Ind.Ct.App. 1996). The primary goal in interpreting the meaning of a statute is to determine and effectuate the legislative intent. Woods v. State, 703 N.E.2d 1115, 1117 (Ind.App.1998). To determine the legislative intent, courts must consider the objectives and the purposes of the statute in question and the consequences of the statute's interpretation. Miller v. State, 641 N.E.2d 64, 68 (Ind.Ct.App.1994), trans. denied. We look to the plain language of the statute and attribute the common, ordinary meaning to terms found in everyday speech. Woods, 703 N.E.2d at 1117. In determining the plain and ordinary meaning of a statutory term, courts may use English language dictionaries as well as consider the relationship with other words and phrases. State v. Eilers, 697 N.E.2d 969, 971 (Ind.Ct.App.1998).
The word "assembly" is defined as: "an assembled group, especially of people meeting for a specific purpose." OXFORD AMERICAN DICTIONARY 36 (1980). Based upon this definition, it appears the legislature intended to punish behavior that disrupts a group of people meeting for a specific purpose. At trial, the teacher involved in the incident testified that he was the only person standing near D.R. at the time of their encounter. Record at 44. The teacher also testified that no other students saw the incident occur. Record at 45. D.R.'s testimony provides that the teacher was two to three feet away from him while the nearest student was five feet away. Record at 49. Thus, D.R. and the teacher were not a part of a group of people and consequently, the evidence is insufficient to support the trial court's finding that D.R. committed the offense of disorderly conduct by disrupting "a lawful assembly of persons."
To the extent that the State argues that the New Directions Academy as a whole constitutes a lawful assembly of persons sufficient to sustain the conviction or that D.R.'s behavior disrupted the "school process," we disagree. To extend the definition of assembly to such an extent would defeat the plain language of the statute and elevate all rule violations to criminal offenses. There is insufficient evidence to *600 support D.R.'s adjudication for disorderly conduct.
Judgment reversed.
SULLIVAN, J., and BAILEY, J., concur.
NOTES
[1] IND.CODE § 35-45-1-3.