## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 16 2019, 9:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David M. Payne
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

K.B.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

July 16, 2019

Court of Appeals Case No.
19A-JV-188

Appeal from the Grant Superior Court

The Honorable Dana J. Kenworthy, Judge

The Honorable Brian F. McLane, Juvenile Magistrate

Trial Court Cause No.
27D02-1810-JD-121

**Mathias, Judge.**

[1] K.B. was adjudicated a delinquent child for committing acts that would constitute Class B misdemeanor disorderly conduct if committed by an adult. K.B. now appeals and argues that the State presented insufficient evidence to support his delinquency adjudication.

[2] We affirm.

## Facts and Procedural History

[3] K.B. is a fourteen-year-old middle school student at the Indiana Academy. On September 13, 2018, K.B. was involved in a social media comment thread that sparked conflict among him and a few classmates. K.B.'s anger and frustration from the comments carried over into the school day. During Mr. Edson Baiao's ("Mr. Baiao") normal class period, K.B. became angry and "flipped over a partition of a pocket door . . . and [threw] some classroom materials, like papers and things on the floor[.]" Tr. p. 6. The partition was in the middle of the classroom and approximately three feet wide and over five feet tall. Importantly, after knocking down the partition, K.B. yelled, "I'll f***ing kill 'em all." *Id.* at 11.

[4] Mr. Baiao called Indiana Academy director Rachel Roesch ("Ms. Roesch") regarding K.B.'s disruptive behavior in the classroom and requested her assistance with the situation. Ms. Roesch observed the partition lying on the floor in the classroom full of students. Ms. Roesch took K.B. back to the office and called K.B.'s mother. Ms. Roesch talked with K.B. about what had

happened in the classroom, and K.B. admitted he had pushed over the partition and made the threat. Tr. pp. 10–11.

[5] On October 15, 2018, the State filed a petition alleging that K.B. was a delinquent child for committing acts that would constitute Class B misdemeanor disorderly conduct if committed by an adult. The juvenile court held a fact-finding hearing on November 28, 2018, at which Ms. Roesch testified. During that testimony, the following colloquy occurred:

> Q: Um, I'm going to direct your attention to September 13th of this year. Um, do you know what ---- were you called to a classroom to deal with a disruption that had occurred there?
>
> A: Yes
>
> Q: What classroom was that?
>
> A: The middle school room for Indiana Academy.
>
> Q: Okay, and uh, who's the teacher?
>
> A: Mr. B is what they call him. His name is Edson Baiao.
>
> Q: And did Mr. Baiao tell you why you were ---- your assistance was, was needed?
>
> . . .
>
> A: Yes.

Q: And what did he tell you?

A: That a student became upset in the classroom and had flipped over a partition of a pocket door, um, and had thrown some classroom materials, like papers and things on the floor and ----

Q: And when you got ---- I'm sorry. Go ahead.

A: And, and he had yelled a threat was the other issue.

Q: And when you, um, arrived, were there students assembled in that classroom?

A: Yes.

Q: And was ---- that's a normal time for class to be taking place?

A: Yes.

Q: And was [K.B.] one of those students?

A: Yes.

Q: And did you see any sign or indication of something that had been knocked over in the classroom?

A: Yes.

Q: Would you explain that to the Judge, please?

A: The, the partition ---- it's, uh, it's like a wall to separate the middle school room into a hall, uh, like a ---- we called it the

sensory room area. Um, it's similar to a pocket door but it doesn't sit in a door. It's just separating, and it was completely pushed over to the ground.

Q: And is it large enough that it would've caused, uh, both a visual and an audible disruption to the class if it goes falling to the ground?

A: Yeah.

Q: To the floor?

A: Uh-huh.

Q: And it's there for a, for a certain purpose to maintain what?

A: Um, there's a classroom on the other side so to help block noise and to keep noise inside both classrooms.

Tr. pp. 6–7.

[6] K.B. moved for a directed verdict claiming the State had not presented sufficient evidence that K.B. committed disorderly conduct. The court denied the motion and entered a true finding on the allegation of delinquency. On December 28, 2018, the juvenile court subsequently entered a dispositional order placing K.B. on formal probation for a term of six months and mandatory participation in counseling. K.B. now appeals his delinquency adjudication.

# Discussion and Decision

[7] K.B. argues that the evidence is insufficient to support his delinquency adjudication. When we review the sufficiency of the evidence to support a delinquency adjudication, we consider only the probative evidence and reasonable inferences supporting the adjudication. *D.W. v. State,* 903 N.E.2d 966, 968 (Ind. Ct. App. 2009), *trans. denied.* We do not assess witness credibility or reweigh the evidence. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *R.H. v. State,* 916 N.E.2d 260, 267 (Ind. Ct. App. 2009) (citing *Drane v. State,* 867 N.E.2d 144, 146–47 (Ind. 2007)), *trans. denied.* We will affirm the adjudication unless no reasonable fact-finder could find the elements of the offense proven beyond a reasonable doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* The evidence is sufficient if an inference may reasonably be drawn from it to support the adjudication. *Id.*

[8] To support K.B.'s delinquency adjudication for acts that would constitute Class B misdemeanor disorderly conduct if committed by an adult, the State was required to prove that K.B.: (1) recklessly, knowingly, or intentionally; (2) disrupted a lawful assembly of persons. Ind. Code § 35-45-1-3(a). K.B. does not dispute that he pushed over the partition in the classroom and made a threat while doing so; his sole argument on appeal is that the State failed to prove that he disrupted a lawful assembly of persons.

[9] In support of his argument, K.B. cites *D.R. v. State,* 729 N.E.2d 597, 599 (Ind. Ct. App. 2000). In *D.R.*, a student muttered an expletive in the presence of one teacher outside the classroom while standing in the common area. *Id.* at 598. The State alleged that D.R. was a delinquent child because he committed disorderly conduct. *Id.* At trial and on appeal, D.R. argued that there was insufficient evidence that his behavior disturbed a lawful assembly of persons because he muttered his expletive in the presence of one teacher and not in the presence of a group of people. This court found the evidence was insufficient to support the trial court's finding that D.R. committed the offense of disorderly conduct by disrupting a lawful assembly of persons. *Id.* at 599.

[10] The facts of this case are readily distinguishable from those in *D.R.* First, K.B. was present in a classroom during normal school hours when students are expected to be in the classroom. And under the facts and circumstances of this case, it was reasonable for the juvenile court, acting as the finder of fact, to find that K.B. did not knock over the partition and make the threat in front of Mr. Baiao alone, but rather, in the presence of other students, thereby distinguishing this case from *D.R.*

[11] Students are required by law to be in the classroom and Ms. Roesch received the call about disruptive behavior during a normal class period. Ms. Roesch testified that when she arrived, there were students in the room and that K.B. was "one of those students." Tr. pp. 6–7. Therefore, there was a reasonable inference drawn from the evidence that a group of students were assembled in the classroom for the common purpose of receiving an education. Further, K.B.

had a conversation with Ms. Roesch explaining what had just happened and Ms. Roesch testified that in her experience, such an incident would be disruptive to the efforts of the students to learn. For these reasons, and mindful of the nature of K.B.'s threat, in the context of current events, we conclude that the State presented sufficient evidence that K.B. disrupted a lawful assembly of persons.

## Conclusion

[12] Based on the facts and circumstances before us, the State presented sufficient evidence to support K.B.'s delinquency adjudication for committing acts that would constitute Class B misdemeanor disorderly conduct if committed by an adult.

[13] Affirmed.

May, J., and Brown, J., concur.