## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 06 2020, 8:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Taylor-Price
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

L.F.,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

February 6, 2020

Court of Appeals Case No.
19A-JV-1926

Appeal from the Marion Superior Court

The Honorable Ryan Gardner, Judge Pro Tempore

Trial Court Cause No.
49D15-1905-JD-551

**May, Judge.**

[1] L.F. appeals his adjudication as a delinquent for an act that was Class A misdemeanor dangerous possession of a firearm[1] and for an act that, if committed by an adult, would be Class C misdemeanor operating a vehicle without ever receiving a license.[2] L.F. presents two arguments for our review, which we restate as:

> 1. Whether, based on the plain language of the juvenile delinquency statute pursuant to which the State alleged L.F. was a delinquent, L.F. could be adjudicated a delinquent for committing Class A misdemeanor dangerous possession of a firearm; and

> 2. Whether the State presented sufficient evidence to support L.F.'s adjudication as a delinquent for committing an act that, if committed by an adult, would be Class C misdemeanor operating a vehicle without ever receiving a license.

We affirm.

# Facts and Procedural History

[2] On May 15, 2019, Indiana State Police Trooper Joel Flores initiated a traffic stop of a Chevrolet Impala traveling over the speed limit. When Trooper Flores approached the car, he "noticed the driver was very young," there were nine people in the car, and there was "the odor of burnt marijuana . . . coming from

---

[1] Ind. Code § 35-47-10-5(a).

[2] Ind. Code § 9-24-18-1.

the vehicle." (Tr. Vol. II at 8.) Back up officers arrived on the scene, and those officers and Trooper Flores removed the nine occupants of the car, including L.F., who had been seated in the driver's seat. Trooper Flores searched the vehicle and found a plastic bag with plant material, an empty ammunition box, and a black coat located on the back-passenger floorboard.

[3] While Trooper Flores was conducting his search, one of the female passengers indicated she was cold. Trooper Flores picked up the black coat located on the back-passenger floorboard to give it to her, and a black handgun fell from the coat onto the vehicle's floorboard. Trooper Flores documented the firearm and began talking to L.F., who had been driving the car. L.F. told Trooper Flores that he was cold and asked Trooper Flores to get his coat. When asked where his coat was, L.F. identified the black coat from which the handgun had fallen as his coat.

[4] Trooper Flores then ran L.F.'s information through the Bureau of Motor Vehicles database to determine if he had been issued a driver's license or State of Indiana identification card. Trooper Flores explained the process at trial:

> Uh, well, if I- if I- if I do a driver's license check um, I usually get a return if the person had had a license or has an ID card. Um, if they've never been issued a license, it will say something to the effect that they've never been issued a license, but I will still get a return on them. Um, if they've never had anything issued to them at all, I won't get anything back, because there's no record on file for them, and in this case, I didn't receive any response back, because he apparently has never been issued anything.

(*Id.* at 15.) Based thereon, the State alleged L.F. was a delinquent for committing Class A misdemeanor dangerous possession of a firearm and acts that, if committed by an adult, would be Class A misdemeanor possession of a handgun without a license[3] and Class C misdemeanor operating a vehicle without ever having received a license.

[5] The juvenile court held a hearing on June 13, 2019. At the conclusion of the State's evidence, L.F. moved for an involuntary dismissal of the allegations against him pursuant to Indiana Trial Rule 41(B). The trial court denied the motion. The trial court entered true findings as to Class A misdemeanor dangerous possession of a firearm and Class C misdemeanor operating a vehicle without ever having received a license. Based thereon, the court adjudicated L.F. a delinquent. On July 18, 2019, the court entered a dispositional decree ordering L.F. to probation and releasing him to his mother's care.

# Discussion and Decision

## 1. Dangerous Possession of a Firearm

[6] L.F. argues he could not be adjudicated a delinquent for dangerous possession of a firearm because: (1) that crime cannot be committed by an adult, and (2) the delinquency statute requires a juvenile to have committed an act that would

---

[3] Ind. Code § 35-47-2-1.

be a criminal offense if committed by an adult. L.F. is correct that Indiana Code section 31-37-1-2, which sets forth the requirements to adjudicate a child as a delinquent requires that a child commit an act that "would be an offense if committed by an adult." Ind. Code § 31-37-1-2. Moreover, L.F. is correct that Class A misdemeanor dangerous possession of a firearm is a crime that cannot be committed by an adult, as the defining statute states: "A *child* who knowingly, intentionally, or recklessly possesses for any purpose other than the purpose described in section 1[4] of this chapter commits dangerous possession of a firearm, a Class A misdemeanor." Ind. Code § 35-47-10-5(a) (footnote and emphasis added).

[7] Nevertheless, L.F.'s argument fails for the reasons we explained recently in *K.C.G. v. State*, 19A-JV-978 (Ind. Ct. App. December 26, 2019).

> We presume "the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals." *State v. Oddi-Smith*, 878 N.E.2d 1245, 1248 (Ind. 2008). Here, the alleged conflict between Indiana Code section 35-47-10-5(a) and Indiana Code section 31-37-1-2 was resolved ten years ago. *See C.C.*[ *v. State*], 907 N.E.2d [556, 559 (Ind. Ct. App. 2009)] (holding no conflict between statutes based on legislative intent). If *C.C.* had been an incorrect interpretation of the Legislature's intent, the Indiana State Legislature could have remedied the situation by passing a new statute in the intervening years. This leads us to conclude the

---

[4] Indiana Code section 35-47-10-1 outlines a number of situations under which a child cannot be adjudicated for Class A misdemeanor possession of a firearm, including use of the firearm for hunting, at a shooting range, or with a parent's permission. The parties do not argue L.F. possessed the firearm under any of these conditions.

Indiana State Legislature's intent is evident – those under the age of eighteen may be adjudicated delinquents for offenses that would be crimes if committed by adults and for crimes that can be committed only by those under eighteen, and the language in Indiana Code section 31-3-1-2 does not preclude the enforcement of Indiana Code section 35-47-10-5(a). *See Perkinson v. Perkinson*, 989 N.E.2d 758, 763 (Ind. 2013) ("the failure of the Legislature to change a statute after a line of decisions ... giving the statute a certain construction, amounts to an acquiescence by the Legislature in the construction given by the court") (quoting *Miller v. Mayberry*, 506 N.E.2d 7, 11 (Ind. 1987), *superseded by statute on other grounds*).

*K.C.G.*, slip op. at *3. Therefore, the plain language of the juvenile delinquency statute did not bar the juvenile court from adjudicating L.F. delinquent for committing dangerous possession of a firearm.[5] *See id*.

## 2. Operating a Vehicle Without Ever Receiving a License

On review of a juvenile adjudication, we apply the same sufficiency standard used in criminal cases. *A.E.B. v. State*, 756 N.E.2d 536, 540 (Ind. Ct. App. 2001). We do not reweigh the evidence or judge the credibility of witnesses. *D.R. v. State*, 729 N.E.2d 597, 599 (Ind. Ct. App. 2000). Instead we look only to the evidence of probative value and the reasonable inferences therefrom that support the determination. *Id*.

---

[5] L.F. does not challenge the sufficiency of the evidence used to adjudicate him for Class A misdemeanor dangerous possession of a firearm.

To support a true finding for an act that would be Class C misdemeanor operating a vehicle without ever having received a license, the State had to present evidence that L.F. knowingly or intentionally operated a vehicle on a highway and had never received a valid driver's license. *See* Ind. Code § 9-24-18-1(a) (elements of offense). L.F. argues Trooper Flores' testimony that he entered L.F.'s information into the BMV database and the database did not return a response was insufficient to prove L.F. had never received a driver's license.

However, L.F.'s argument ignores the fact that the parties stipulated that L.F. was fourteen years old at the time Trooper Flores observed him operating a vehicle. (Tr. Vol. II at 4.) Indiana law prohibits someone under sixteen-years-and-ninety-days old from obtaining a driver's license. *See* Ind. Code § 9-24-3-2.5(a) (providing conditions for issuing an operator's driver's license). Accordingly, the court had sufficient evidence from which to determine L.F. had never received a driver's license.

# Conclusion

We conclude L.F. may be adjudicated a delinquent for committing Class A misdemeanor dangerous possession of a firearm despite the fact that crime cannot be committed by an adult, as technically is required for a delinquent act under the juvenile adjudication statute. Additionally, the State presented sufficient evidence to support L.F.'s adjudication for committing and act that, if

committed by an adult, would be Class C misdemeanor operating a vehicle without ever having received a license. Accordingly, we affirm.

[12] Affirmed.

Crone, J., and Pyle, J., concur.