

**FILED**

Oct 01 2025, 8:49 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



IN THE

# Court of Appeals of Indiana

State of Indiana,

*Appellant-Plaintiff*

v.

Kinshasha Johnson,

*Appellee-Defendant*

---

October 1, 2025

Court of Appeals Case No.
24A-CR-2146

Appeal from the Tippecanoe Superior Court

The Honorable Randy J. Williams, Judge

Trial Court Cause No.
79D01-2403-F4-13

---

**Opinion by Judge Bradford**

Judges Pyle and Kenworthy concur.

**Bradford, Judge.**

# Case Summary

On March 13, 2024, the State charged Kinshasha Johnson with numerous crimes, including Level 4 felony unlawful possession of a firearm by a serious violent felon ("SVF") and Level 5 felony unlawful carrying of a handgun. Johnson subsequently moved to dismiss these two charges. The trial court granted Johnson's motion, finding that neither charge stated the alleged offense with sufficient certainty nor constituted an offense as charged. The State argues that the trial court abused its discretion in dismissing the two charges because both had been sufficiently pled to apprise Johnson of the allegations against him and constituted crimes under the Indiana criminal code. Concluding that the trial court abused its discretion in dismissing the challenged charges, we reverse the judgment of the trial court and remand for further proceedings.

# Facts and Procedural History

The facts, as alleged in the affidavit of probable cause, are that on or about March 12, 2024, Laphina McDaniels called 911 and complained of an unwanted guest at her home. McDaniels indicated that Johnson "was at the residence acting aggressively and had a firearm." Appellant's App. Vol. II p. 18.

> Upon arrival, officers located a male who was smoking marijuana on the porch of the residence. The male, later identified as [Johnson], provided officers with a rolled cigarette containing marijuana in a clear plastic tube. Officers searched Johnson's person and located a pill wrapped in a dollar bill in Johnson's jacket pocket. Johnson advised the pill was ecstasy. Officers observed Johnson was wearing a bulletproof vest and officers located an unloaded handgun in the vest. Officers also located nine rounds of ammunition in the bulletproof vest. The pill was subsequently field tested and had a positive result for ecstasy.

Appellant's App. Vol. II p. 18. Review of Johnson's criminal history revealed that he had previously amassed multiple felony convictions in Illinois.

[3] On March 13, 2024, the State charged Johnson with Count I, Level 4 felony unlawful possession of a firearm by an SVF; Count II, Level 5 felony unlawful carrying of a handgun; Count III, Class A misdemeanor unlawful carrying of a handgun; Count IV, Level 6 felony unlawful use of body armor; Count V, Class B misdemeanor possession of marijuana; and Count VI, Class A misdemeanor possession of a controlled substance. The State also alleged that Johnson was a habitual offender. With regard to Count I, the State alleged that

> [o]n or about March 12, 2024, in Tippecanoe County, State of Indiana, [Johnson], did possess a firearm, while having previously been convicted of committing a serious violent felony, to-wit: on October 19, 2015, [Johnson] was convicted of Exploitation, a X Felony, in the Circuit Court of Cook County, State of Illinois, under cause number 2015CR084550[.]
>
> All of which is contrary to the form of the statute in such cases

made and provided, to wit:  I.C. 35-47-4-5(c) , and against the peace and dignity of the State of Indiana.

Appellant's App. Vol. II p. 10.  With regard to Count II, the State alleged that

> [o]n or about March 12, 2024, in Tippecanoe County, State of Indiana, [Johnson], did knowingly or intentionally carry a handgun after having previously been convicted of a felony within fifteen (15) years, to-wit:  on October 19, 2015, [Johnson] was convicted of Exploitation, a X Felony, in the Circuit Court of Cook County, State of Illinois, under cause number 2015CR084550[.]
>
> All of which is contrary to the form of the statute in such cases made and provided, to wit:  IC. 35-47-2-1.5(b) and I.C. 35-47-2-1.5(e)(2)(B), and against the peace and dignity of the State of Indiana.

Appellant's App. Vol. II p. 11.

[4]     On May 4, 2024, Johnson moved to dismiss Counts I and II.  Johnson asserted that the charging information for these two Counts was defective and did not state the offenses with sufficient certainty.  Johnson further asserted that the facts alleged in these Counts did not constitute an offense.  He also asked the trial court to overturn the Indiana Supreme Court's decision in *State v. Hancock*, 65 N.E.3d 585 (Ind. 2016).

[5]     On June 5, 2024, the State moved to amend Counts I and II.  In its motion, the State indicated that it had "cited the prior conviction as 'Exploitation' in 2015CR84550[,]" but, upon receiving a certified copy of Johnson's conviction in 2015CR084550, it had "learned that [Johnson's] conviction was in …

2015CR0845501 for Involuntary Sexual Servitude of a Minor, a Class X Felony." Appellant's App. Vol. II p. 62. Thus, the State amended Count I to allege that

> [o]n or about March 12, 2024, in Tippecanoe County, State of Indiana, [Johnson], did possess a firearm, while having previously been convicted of committing a serious violent felony, to-wit: on October 19, 2015, [Johnson] was convicted of Involuntary Sexual Servitude of a Minor, a Class X Felony, in the Circuit Court of Cook County, State of Illinois, under cause number 2015CR0845501[.]
>
> All of which is contrary to the form of the statute in such cases made and provided, to wit: I.C. 35-47-4-5(c), and against the peace and dignity of the State of Indiana.

Appellant's App. Vol. II p. 64. It amended Count II to allege that

> [o]n or about March 12, 2024, in Tippecanoe County, State of Indiana, [Johnson], did knowingly or intentionally carry a handgun after having previously been convicted of a felony within fifteen (15) years, to-wit: on October 19, 2015, [Johnson] was convicted of Involuntary Sexual Servitude of a Minor, a Class X Felony[.]
>
> All of which is contrary to the form of the statute in such cases made and provided, to wit: I.C. 35-47-2-1.5(b) and I.C. 35-47-2-1.5(e)(2)(B), and against the peace and dignity of the State of Indiana.

Appellant's App. Vol. II p. 65. The State also argued against Johnson's motion to dismiss, claiming that the statutes supporting the charges were not void for vagueness and that Johnson's prior Illinois conviction for involuntary sexual

servitude of a minor is substantially similar to Indiana's crime of promotion of child sexual trafficking. The State further argued that the amended Counts I and II were sufficiently certain as to what criminal behavior was being alleged and constituted valid offenses. Johnson filed a supplemental motion to dismiss, in which he reiterated his previously-raised assertions. Following a hearing, the trial court granted Johnson's motion.

## Discussion and Decision

[6] "We review a trial court's ruling on a motion to dismiss a charging information for an abuse of discretion." *A.-H.Y. v. State*, 975 N.E.2d 1273, 1276 (Ind. 2012). "'An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it.'" *Id.* (quoting *Hoglund v. State*, 962 N.E.2d 1230, 1237 (Ind. 2012)). "A trial court also abuses its discretion when it misinterprets the law." *Id.*

> In deciding whether an information fails to state facts constituting an offense, we take the facts alleged in the information as true. *Pavlovich v. State*, 6 N.E.3d 969, 974 (Ind. Ct. App. 2014), *trans. denied*. Facts permitted to be raised in a motion to dismiss a charging information generally concern only pre-trial procedural matters, such as jurisdictional issues, double jeopardy, collateral estoppel, and the like. *Id.* (citing *State v. King*, 502 N.E.2d 1366, 1369 (Ind. Ct. App. 1987)). "Questions of fact to be decided at trial or facts constituting a defense are not properly raised by a motion to dismiss." *State v. Isaacs*, 794 N.E.2d 1120, 1122 (Ind. Ct. App. 2003). "It is only when an information is facially deficient in stating an alleged crime that dismissal for failure to state an offense is warranted." *Pavlovich*, 6 N.E.3d at 969; *see also Isaacs*, 794 N.E.2d at 1123 (holding

dismissal of charge was warranted where information alleged defendant operated a vehicle with a schedule I or II controlled substance in the body, but substances alleged to be in defendant's body were schedule IV controlled substances or non-controlled substances, and it was not a crime to operate a vehicle with such substances in the body).

*Gutenstein v. State*, 59 N.E.3d 984, 994 (Ind. Ct. App. 2016), *trans. denied*. In granting Johnson's motion to dismiss, the trial court found that "Counts I and II neither state the offenses with sufficient certainty nor do they constitute an offense as the cited Illinois statute is not substantially similar to Indiana's." Appellant's App. Vol. II p. 107.

## I. Whether Counts I and II Were Pled with Sufficient Certainty

[7] The State contends that the charging information was legally sufficient and "Johnson demonstrated that he knew the full extent of the charges." Appellant's Br. p. 15. The purpose of a charging information "is to advise the defendant of the particular crime charged so that [he] can prepare a defense." *Myers v. State*, 510 N.E.2d 1360, 1366 (Ind. 1987). A charging information shall state, among other things, "the nature and elements of the offense charged in plain and concise language without unnecessary repetition[,]" "the date of the offense with sufficient particularity to show that the offense was committed within the period of limitations applicable to that offense[,] and "the place of the offense with sufficient particularity to show that the offense was committed within the jurisdiction of the court where the charge is to be filed[.]" Ind. Code

§ 35-34-1-2(a)(4), (5), (7).  A trial court may, upon motion of the defendant, dismiss the charging information if "[t]he indictment or information does not state the offense with sufficient certainty."  Ind. Code § 35-34-1-4(4).  However,

> "[t]he State is not required to include detailed factual allegations in a charging information."  *Laney v. State*, 868 N.E.2d 561, 567 (Ind. Ct. App. 2007), *trans. denied*.  "An information that enables an accused, the court, and the jury to determine the crime for which conviction is sought satisfies due process.  Errors in the information are fatal only if they mislead the defendant or fail to give him notice of the charge filed against him."  *Dickenson v. State*, 835 N.E.2d 542, 550 (Ind. Ct. App. 2005) (citations and quotation marks omitted), *trans. denied*.  "[W]here a charging instrument may lack appropriate factual detail, additional materials such as the probable cause affidavit supporting the charging instrument may be taken into account in assessing whether a defendant has been apprised of the charges against him."  *State v. Laker*, 939 N.E.2d 1111, 1113 (Ind. Ct. App. 2010), *trans. denied*.

*Gutenstein*, 59 N.E.3d at 995 (brackets in original).

[8]  Johnson argued below that the charging information for Counts I and II lacked sufficient certainty because it did not include the code citations for either the prior Illinois offense or the alleged substantially similar Indiana offense.  In reiterating this argument on appeal, Johnson asserts that "[t]his ultimately prevents [him] from preparing a defense and fails to provide adequate notice as it is not known what statutes are applicable when reviewing the charging information."  Appellee's Br. p. 10.  Johnson cites the Indiana Supreme Court's decision in *Tiplick v. State*, 43 N.E.3d 1259, 1269–70 (Ind. 2015), in support.

The Indiana Supreme Court limited its holding in *Tiplick*, however, to drug-related cases involving synthetic drugs and classifications of such as illegal by the Indiana Board of Pharmacy and noted that in other cases, the Court had "no quarrel with" the broader standard for "determining the adequacy of an information in general" as had been discussed in *Dickenson* and *Lampitok v. State*, 817 N.E.2d 630, 636 (Ind. Ct. App. 2004), *trans. denied*. *Tiplick*, 43 N.E.3d at 1270. Both *Dickenson* and *Lampitok* provide that "'[a]n information that enables an accused, the court, and the jury to determine the crime for which conviction is sought satisfies due process.'" *Dickenson*, 835 N.E.2d at 550 (quoting *Lampitok*, 817 N.E.2d at 636). As such, the question before us is whether the charging information for Counts I and II enables Johnson, the trial court, and the jury to determine the crimes for which conviction is sought. We conclude that it does.

[9] Again, Count I, as amended, alleges that

> [o]n or about March 12, 2024, in Tippecanoe County, State of Indiana, [Johnson], did possess a firearm, while having previously been convicted of committing a serious violent felony, to-wit: on October 19, 2015, [Johnson] was convicted of Involuntary Sexual Servitude of a Minor, a Class X Felony, in the Circuit Court of Cook County, State of Illinois, under cause number 2015CR0845501[.]
>
> All of which is contrary to the form of the statute in such cases made and provided, to wit: I.C. 35-47-4-5(c), and against the peace and dignity of the State of Indiana.

Appellant's App. Vol. II p. 64. Indiana Code section 35-47-4-5(c) provides that an SVF "who knowingly or intentionally possesses a firearm commits unlawful possession of a firearm by a [SVF], a Level 4 felony." Indiana Code section 35-47-4-5(b) lists numerous offenses that qualify an individual as an SVF, including various sex offenses and human or sexual trafficking.

[10] The charging information tracks the language of Indiana Code section 35-47-4-5(c) and includes identifying information relating to the prior offense, *i.e.*, the name of the offense and the cause number under which Johnson was convicted. The charging information clearly alleged that Johnson was an SVF, by virtue of his prior conviction for involuntary sexual servitude of a minor, and that he had therefore illegally possessed a firearm. While the amended charging information did not specify a qualifying conviction under Indiana Code section 35-47-4-5(b), subsection (b) lists several sex crimes, some specifically involving child victims, and a reasonable person would infer that the Illinois conviction for a sex crime involving a minor was substantially similar to or could effectively equate to one of the sex crimes involving a minor under the Indiana code. The State's reference to Indiana Code section 35-47-4-5 is sufficient to put Johnson on notice that the State was alleging that his Illinois conviction was substantially similar to one of the Indiana qualifying convictions. As such, we conclude that Count I, as amended, was sufficient to enable Johnson and the trial court to "'to determine the crime for which conviction is sought.'" *Dickenson*, 835 N.E.2d at 550 (quoting *Lampitok*, 817 N.E.2d at 636).

[11] Count II, as amended, alleged that

[o]n or about March 12, 2024, in Tippecanoe County, State of Indiana, [Johnson], did knowingly or intentionally carry a handgun after having previously been convicted of a felony within fifteen (15) years, to-wit: on October 19, 2015, [Johnson] was convicted of Involuntary Sexual Servitude of a Minor, a Class X Felony, in the Circuit Court of Cook County, State of Illinois, under cause number 2015CR0845501[.]

All of which is contrary to the form of the statute in such cases made and provided, to wit: I.C. 35-47-2-1.5(b) and I.C. 35-47-2-1.5(e)(2)(B), and against the peace and dignity of the State of Indiana.

Appellant's App. Vol. II p. 65. Indiana Code section 35-47-2-1.5(b) provides, in relevant part, that "the following persons may not knowingly or intentionally carry a handgun: (1) A person convicted of a federal or state offense punishable by a term of imprisonment exceeding one (1) year." Indiana Code section 35-47-2-1.5(e)(2)(B) provides that "[a] person who violates this section commits unlawful carrying of a handgun, a Class A misdemeanor. However, the offense is a Level 5 felony if: … (2) the person: … (B) has been convicted of a felony within fifteen (15) years before the date of the offense."

[12] As was the case for Count I, the charging information tracks the language of Indiana Code section 35-47-2-1.5(b)(1) and 35-47-2-1(e)(2)(B), and includes identifying information relating to the prior offense, *i.e.*, the name and level of the alleged prior felony conviction as well as the cause number under which Johnson had been convicted. The State also submitted the sentencing information for the prior Illinois conviction in case number 15CR0845501, which indicated that Johnson had been convicted of the felony offense of

involuntary sexual servitude of a minor and sentenced to a term of twelve years. Again, "as our Supreme Court has indicated, even where a charging instrument may lack appropriate factual detail, *additional materials such as* the probable cause affidavit supporting the charging instrument *may be taken into account* in assessing whether a defendant has been apprised of the charges against him." *Laker*, 939 N.E.2d at 1113 (emphases added).

[13] Like a probable-cause affidavit, the sentencing documents relating to Johnson's Illinois conviction may be taken into account in assessing whether Johnson had been apprised of the charges against him. *See id.* The charging information clearly alleged that Johnson had illegally possessed a firearm because he had been convicted of a felony within the preceding fifteen years and the sentencing documents clarify that his sentence for this prior felony conviction had been more than one year of imprisonment. We conclude that the charging information, read together with the court documents from Johnson's Illinois case, was sufficient to provide Johnson with notice of the fact that he had been charged with Level 5 felony unlawful carrying a handgun. *See id.* ("The purpose of the charging information is to provide a defendant with notice of the crime of which he is charged so that he is able to prepare a defense."). Because we conclude that the charging information for Counts I and II, as amended, was sufficiently certain as to the crimes for which Johnson had been charged, we further conclude that the trial court abused its discretion in dismissing the charges on this ground.

## II. Whether the Illinois Conviction was Substantially Similar to an Indiana Offense

In granting Johnson's motion to dismiss, the trial court also found that the charges alleged in Counts I and II did not "constitute an offense as the cited Illinois statute is not substantially similar to Indiana's." Appellant's App. Vol. II p. 107. A trial court may, upon motion of the defendant, dismiss the charging information if "[t]he facts stated do not constitute an offense." Ind. Code § 35-34-1-4(5).

### A. Count I–Unlawful Possession of a Firearm by an SVF

As for Count I, the term "serious violent felon" has been defined as "a person who has been convicted of committing a serious violent felony." Ind. Code § 35-47-4-5(a). Indiana appellate courts have held that a person may qualify as an SVF based on felony convictions from another jurisdiction so long as the conviction is "substantially similar" to an offense listed in Indiana Code section 35-47-4-5(b). *See, e.g.*, *Hancock*, 65 N.E.3d at 587 (discussing whether a conviction from another jurisdiction was substantially similar to an Indiana qualifying offense).[1]

---

[1] While some cases on this point cite to a prior version of Indiana Code section 35-47-4-5, which included the "substantially similar" language, we note that the Indiana General Assembly has since moved the "substantially similar" language to Indiana Code section 1-1-2-4(b)(3), which states that

> a reference to a conviction for an Indiana criminal offense appearing within the Indiana Code also includes a conviction for … [a] substantially similar offense committed in another jurisdiction, including an attempt or conspiracy to commit the offense, even if the reference to the conviction for the Indiana criminal offense specifically refers to an

[16]    In *Hancock*,[2] the Indiana Supreme Court construed the meaning of

"substantially similar," stating the following:

> This case requires us to construe the meaning of "substantially
> similar" which is not defined by statute. We are thus presented
> with a question of statutory construction which is a matter of law
> we review *de novo*. *Suggs v. State*, 51 N.E.3d 1190, 1193 (Ind.
> 2016). When construing a statute our primary goal is to ascertain
> the legislature's intent. *Adams v. State*, 960 N.E.2d 793, 798 (Ind.
> 2012). To discern that intent, we look to the statutory language
> itself and give effect to the plain and ordinary meaning of
> statutory terms. *Pierce v. State*, 29 N.E.3d 1258, 1265 (Ind. 2015).
> Undefined words in a statute are given their plain, ordinary and
> usual meaning. *See* I.C. § 1-1-4-1(1). And in determining the
> plain and ordinary meaning of a statutory term, courts may
> consult English language dictionaries. *D.R. v. State*, 729 N.E.2d
> 597, 599 (Ind. Ct. App. 2000). We do so here. In one such
> dictionary "similar" is defined as "having characteristics in
> common" or "alike in substance or essentials." *Webster's Third
> New International Dictionary* 2120 (2002). In another, the term is
> defined as "[r]elated in appearance or nature; alike though not
> identical." *The American Heritage Dictionary of the English Language*
> 1622 (2006). "Substantial" is defined as "consisting of, relating
> to, sharing the nature of, or constituting substance[.]" *Webster's*
> at 2280; *see also The American Heritage* at 1727 (defining
> "substantial" in part as "[c]onsiderable in importance, value,
> degree, amount, or extent"). Reduced to their essence these
> definitions can best be applied here to mean that the elements of
> two statutes are "substantially similar" if they have common core

"Indiana conviction" or a conviction "in Indiana" or under "Indiana law" or "laws of this state".

[2] As he did at the trial court level, Johnson requests that we overrule the Indiana Supreme Court's opinion in *Hancock*. We decline Johnson's request, noting that "[a] published opinion of the [Indiana] Supreme Court is binding precedent for all Indiana courts." Ind. Appellate Rule 65(D)(1).

characteristics that are largely, but not identically, alike in degree or extent.

We are still left with the question of how do we evaluate these core characteristics. For example, elements may be substantially similar with respect to general characteristics such as wording and type of element. On the other hand, elements may be considered substantially similar with respect to specific characteristics such as the underlying conduct sought to be regulated. *See, e.g.*, *United States v. Thomas*, 367 F.3d 194, 198 (4th Cir. 2004) (a case involving Maryland and Virginia driving while intoxicated statutes, declaring "[a] statute is substantially similar if any actions violating the [out-of-state Maryland] statute necessarily would violate the Virginia statute as well" (citation omitted)). To help answer the question we set out the relevant text of each offense, separate the offenses into elements conducive to comparison, and then look for substantial similarity between the elements.

65 N.E.3d at 587 (Emphasis and brackets in original).

[17] Indiana Code section 35-47-4-5(b)(11) provides that the term "serious violent felony" includes a human or sexual trafficking offense under Indiana Code chapter 35-42-3.5. It is undisputed that Johnson was convicted of involuntary sexual servitude of a minor, a Class X felony in Illinois, in 2015. The relevant statute defines this crime as follows:

Involuntary sexual servitude of a minor. A person commits involuntary sexual servitude of a minor when he or she knowingly recruits, entices, harbors, transports, provides, or obtains by any means, or attempts to recruit, entice, harbor, provide, or obtain by any means, another person under 18 years of age, knowing that the minor will engage in commercial sexual activity, a sexually-explicit performance, or the production of

pornography, or causes or attempts to cause a minor to engage in one or more of those activities and:

…

(2) there is no overt force or threat and the minor is under the age of 17 years[.]

…

Sentence. … [A] violation of subsection … (c)(2) is a Class X felony[.]

720 Ill. Comp. Stat. Ann. § 5/10-9(c)(2) (2015).  The relevant Indiana statute, Indiana Code section 35-42-3.5-1.2(a), provides that

(a) A person who knowingly or intentionally recruits, entices, harbors, or transports a child less than eighteen (18) years of age with the intent of causing the child to engage in:
    (1) prostitution or juvenile prostitution; or
    (2) a performance or incident that includes sexual conduct in violation of IC 35-42-4-4(b) or IC 35-42-4-4(c) (child exploitation);
commits promotion of child sexual trafficking, a Level 3 felony.

The question before us is whether the Illinois crime of involuntary sexual servitude of a minor is substantially similar to the Indiana crime of promotion of child sexual trafficking.  We conclude that it is.

[18]    A side-by-side comparison of the elements of each crime is as follows:

| Illinois offense:  Involuntary sexual servitude of a minor. | Indiana offense:  Promotion of child sexual trafficking. |
| --- | --- |
| 1.  Defendant | 1.  Defendant |
| 2.  Knowingly | 2.  Knowingly or intentionally |
| 3.  Recruits, entices, harbors, transports, provides, or obtains by any means, or attempts to recruit, | 3.  Recruits, entices, harbors, or transports |

| | |
|---|---|
| entice, harbor, provide, or obtain by any means | |
| 4. Another person under 17 years of age | 4. A child less than 18 years of age |
| 5. Knowing that the minor will engage in commercial sexual activity, a sexually-explicit performance, or the production of pornography, or causes or attempts to cause a minor to engage in one or more of those activities | 5. With the intent of causing the child to engage in: (1) prostitution or juvenile prostitution; or (2) a performance or incident that includes sexual conduct |

Again, "the elements of two statutes are 'substantially similar' if they have common core characteristics that are largely, but not identically, alike in degree or extent." *Hancock*, 65 N.E.3d at 587. After comparing the two relevant offenses, we conclude that the Illinois offense of involuntary sexual servitude of a minor is substantially similar to the Indiana offense of promotion of child sexual trafficking. The core characteristics of the two offenses, while not identical, are largely alike in degree.

[19] Both require that the defendant act with a similar degree of culpability. Illinois law provides that

> [a] person knows, or acts knowingly or with knowledge of:
>
> (a) The nature or attendant circumstances of his or her conduct, described by the statute defining the offense, when he or she is consciously aware that his or her conduct is of that nature or that those circumstances exist. Knowledge of a material fact includes awareness of the substantial probability that the fact exists.
>
> (b) The result of his or her conduct, described by the statute

defining the offense, when he or she *is consciously aware that that result is practically certain to be caused by his conduct*.

720 Ill. Comp. Stat. Ann. 5/4-5 (emphasis added). Under Indiana law, "[a] person engages in conduct 'intentionally' if, when he engages in the conduct, it is his *conscious objective to do so*." Ind. Code § 35-41-2-2(a) (emphasis added). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is *aware of a high probability* that he is doing so." Ind. Code § 35-41-2-2(b) (emphasis added). Thus, both statutes require that the defendant be aware that his actions are highly probable or practically certain to violate the law. We find the culpability requirements to be substantially similar.

[20] By their clear terms, both statutes also require the defendant to recruit, entice, harbor, or transport a minor, knowing or with the intent that, the minor will engage in (a) commercial sexual activity, *i.e.*, prostitution, or (b) sexually-explicit performance, *i.e.*, a performance that includes sexual conduct. While the statutes use different terms to describe the prohibited conduct, it is clear that both statutes are describing essentially the same prohibited acts. Furthermore, while the Illinois statute includes criminal liability for an attempt to commit one of these acts, Indiana codifies criminal liability for an attempt to commit any crime in another statutory section, *i.e.*, Indiana Code section 35-41-5-1. Because the two offenses require proof of essentially the same prohibited acts

involving minors,[3] we conclude that the trial court abused its discretion in determining that the two offenses were not "substantially similar."

## B. Count II–Unlawful Carrying a Handgun

[21] Again, Indiana Code section 35-47-2-1.5(b)(1) provides that a person, who has been convicted "of a federal or state offense punishable by a term of imprisonment exceeding one (1) year[,]" may not knowingly or intentionally carry a handgun. Indiana Code section 35-47-2-1.5(e)(2)(B) provides that the offense is a Level 5 felony if the person "has been convicted of a felony within fifteen (15) years before the date of the offense." We agree with the State that "[i]t appears from the trial court's order that the trial court mistakenly believed that Johnson's underlying conviction from Illinois had to be substantially similar to an Indiana offense to qualify as a felony conviction for purposes of the unlawful carrying of a handgun charge." Appellant's Br. p. 31. As charged in this case, Indiana Code section 35-47-2-1.5 does not require that the prior conviction be for any particular crime, beyond requiring a conviction for a felony that was punishable by a term of imprisonment exceeding one year. The charging information and supporting judicial records clearly alleged the required facts. We therefore conclude that the trial court abused its discretion

---

[3] The fact that the Illinois statute has additional language that changes the level of felony based on whether the defendant employed overt force or a threat does not change our analysis as the two statutes do not need to be identical to be found "substantially similar." *See Hancock*, 65 N.E.3d at 587 ("[E]lements of two statutes are 'substantially similar' if they have common core characteristics that are largely, *but not identically*, alike in degree or extent." Emphasis added.). Regardless of the level, both statutes outline felonies that, again, require proof of essentially the same prohibited conduct.

in dismissing Count II on the grounds that the Illinois conviction was not substantially similar to an Indiana offense.

## III.  Whether the Statutes are Unconstitutional

[22]  Although the trial court did not make a ruling on the parties' arguments relating to whether Indiana Code sections 35-47-4-5 and 35-47-2-1.5 are unconstitutionally vague, the parties again raise the question on appeal.

> A challenge to the validity of a statute must overcome a presumption that the statute is constitutional.  *State v. Lombardo*, 738 N.E.2d 653 (Ind. 2000).  The party challenging the statute has the burden of proving otherwise.  *Jackson v. State*, 634 N.E.2d 532 (Ind. Ct. App. 1994).
>
> The "analysis of a due process vagueness challenge under the Indiana Constitution and the U.S. Constitution is identical, and the Indiana courts rely on the same cases and standards in ruling on these challenges."  *Whatley v. Zatecky*, 833 F.3d 762, 771 (7th Cir. 2016) (*citing e.g., Brown v. State*, 868 N.E.2d 464 (Ind. 2007)).  "A criminal statute may be invalidated for vagueness for either of two independent reasons:  (1) for failing to provide notice enabling ordinary people to understand the conduct that it prohibits, and (2) for the possibility that it authorizes or encourages arbitrary or discriminatory enforcement."  *Brown*, 868 N.E.2d at 467 (citing *City of Chicago v. Morales*, [527 U.S. 41, 56] (1999)).  Further, "'it is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.'"  *Davis v. State*, 476 N.E.2d 127, 130 (Ind. Ct. App. 1985) (quoting *U.S. v. Mazurie*, [419 U.S. 544, 550] (1975)), *trans. denied*.

*York v. State*, 210 N.E.3d 307, 310–11 (Ind. Ct. App. 2023) (footnote omitted).

[23] Johnson's challenge to the constitutionality of the challenged statutes does not involve First Amendment freedoms and therefore must be examined in light of the facts of the case at hand. *Id.* Further, while Johnson contends that both of the challenged statutes are unconstitutionally vague, his arguments appear to be focused on Indiana Code section 35-47-4-5, specifically the question of what foreign convictions would be considered substantially similar to the statutorily proscribed Indiana crimes that qualify one as an SVF, rather than any part of Indiana Code section 35-47-2-1.5. Johnson asserts that the challenged statutes are unconstitutionally vague because they fail to provide notice to an ordinary person of what conduct is prohibited. Specifically, he claims that an ordinary person would not be able to understand what conduct is prohibited as it relates to substantially similar convictions from other jurisdictions.

[24] Despite Johnson's claim to the contrary, we believe that an ordinary person would be able to understand what convictions, whether for Indiana criminal violations or substantially similar convictions from other jurisdictions, would qualify an individual as an SVF. Again, Indiana Code section 35-47-4-5(a) provides that an SVF is "a person who has been convicted of committing a serious violent felony." Subsection (b) of the statute sets forth thirty-two crimes that a conviction for which would qualify an individual as an SVF. Indiana Code section 1-1-2-4(b) provides that

> a reference to a conviction for an Indiana criminal offense appearing within the Indiana Code also includes a conviction for … [a] substantially similar offense committed in another jurisdiction, including an attempt or conspiracy to commit the

offense, even if the reference to the conviction for the Indiana criminal offense specifically refers to an "Indiana conviction" or a conviction "in Indiana" or under "Indiana law" or "laws of this state".

The types of crimes, whether by Indiana conviction or a conviction for a substantially similar offense from a foreign jurisdiction, are plainly stated in the statute, giving any individual charged under Indiana Code section 35-47-4-5 clear notice of what conduct is prohibited.

[25] We are likewise unconvinced by Johnson's claim that the challenged statutes are unconstitutionally vague merely because "substantially similar" is not defined in the criminal code. The Indiana Supreme Court has defined the term, *see Hancock*, 65 N.E.3d at 587, and acknowledged the "longstanding legal principle [which] presumes that citizens know the law and must obey it." *Bellwether Props., LLC v. Duke Energy Ind., Inc.*, 87 N.E.3d 462, 467 (Ind. 2017). "[C]entral to the presumption that persons know the law is that the law is accessible[,] *id.*, and we note that Indiana caselaw and the Indiana criminal code are available to the public via multiple mediums such as the internet and publicly accessible law libraries. Again, "'[a] statute will not be found unconstitutionally vague if individuals of ordinary intelligence would comprehend it adequately to inform them of the proscribed conduct.'" *York*, 210 N.E.3d at 311 (quoting *Lombardo*, 738 N.E.2d at 656). Johnson has failed to convince us that the challenged statutes fall short of this standard.

The judgment of the trial court is reversed, and the matter is remanded for further proceedings.

Pyle, J., and Kenworthy, J., concur.

ATTORNEYS FOR APPELLANT

Theodore E. Rokita
Indiana Attorney General

Courtney L. Staton
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Shay J. Hughes
Tippecanoe County Public Defender's Office
Lafayette, Indiana